UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RONALDO AUGUST (#1322141)**                              **CIVIL ACTION**

**VERSUS**

**SGT. JOSEPH SHORTS, ET AL.**                             **NO. 08-0680-RET-CN**


### NOTICE

     Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

     In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

     ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

     Signed in chambers in Baton Rouge, Louisiana, July 23, 2009.

     **MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RONALDO AUGUST (#1322141)                      CIVIL ACTION

VERSUS

SGT. JOSEPH SHORTS, ET AL.                     NO. 08-0680-RET-CN

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motion to Dismiss and Motion for Summary Judgment, rec.doc.nos. 13 and 14. These motions are not opposed.

The pro se plaintiff, an inmate confined at Dixon Correctional Institute ("DCI"), Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Sgt. Joseph Shorts, Lt. Troy Johnson, Sgt. George Powell, Msgt. John Boss and the Louisiana Department of Public Safety and Corrections, alleging that the defendants violated his constitutional rights on October 17, 2007, by subjecting him to excessive force on that date.

Addressing first the defendants' motion to dismiss, they contend that the plaintiff's claims asserted against defendant Joseph Shorts should be dismissed for failure of the plaintiff to effect service against this individual within 120 days as mandated by Rule 4(m) of the Federal Rules of Civil Procedure. In this regard, the record reflects that an attempt to serve this defendant at his place of employment, the Louisiana Department of Public Safety and Corrections, was unsuccessful because the defendant is no longer employed by the Department. After the filing of the return of service on December 17, 2008, see rec.doc.no. 7, which filing provided notification to the plaintiff that service had been refused by the Department, the plaintiff has taken no action to attempt to ascertain the last known address of defendant Shorts or to effect service upon him. Accordingly, it is appropriate that the plaintiff's claims against defendant Shorts be dismissed pursuant to Rule 4(m).

Turning to the defendants' motion for summary judgment, the defendants move for judgment relying upon the pleadings, a Statement of Undisputed Facts, certified copies of the plaintiff's pertinent medical records, a certified copy of the plaintiff's administrative remedy proceedings, including five (5) disciplinary reports dated October 17, 2007 (charging the plaintiff with Aggravated Disobedience and Defiance), and two (2) Warden's Unusual Occurrence Reports (prepared by defendants Troy Johnson and Joseph Shorts relative to the incident of October 17, 2007), and the affidavits of Rhonda Z. Weldon, Dr. Anthony Tarver and defendants Troy Johnson, George Powell and John Boss.

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Federal Rules of Civil Procedure.

Initially, it appears that the plaintiff has named the Louisiana Department of Public Safety and Corrections as a defendant herein.  Under the Eleventh Amendment to the United States Constitution, however, an unconsenting state is immune from any lawsuit seeking monetary damages or equitable relief brought in federal court by her own citizens or by citizens of another state.  Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).  Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for the deprivation of civil rights under color of state law.  See Fitzpatrick v. Bitzer, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976); Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); Edelman v. Jordan, supra.  Thus, absent consent by the state or congressional action, not here present, the State of Louisiana is immune from suit in this action.  This shield of immunity extends to the

Louisiana Department of Public Safety and Corrections as an agency of the state. Anderson v. Phelps, 655 F.Supp. 560 (M.D. La. 1985). Therefore, the plaintiff's claims against the Louisiana Department of Public Safety and Corrections are barred by the Eleventh Amendment and must be dismissed.

In addition, the Court notes that the Complaint is unclear as to whether the plaintiff has named the remaining defendants in their individual and/or their official capacities. In light of the liberality accorded to the pleadings of pro se petitioners, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), this Court interprets the plaintiff's allegations as asserting a claim against the defendants in both capacities. Notwithstanding, § 1983 does not provide a federal forum for litigants who seek a remedy against either a State or its officials acting in their official capacities, which officials are not seen to be "persons" under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Thus, it is clear that the plaintiff fails to state a claim under § 1983 against the defendants in their official capacities.

Turning to the plaintiff's claims asserted against the defendants in their individual capacities, the plaintiff alleges in his Complaint that he is a handicapped inmate with no use of his right arm. He asserts that on October 17, 2007, he was placed in restraints by defendant Joseph Shorts and was let out of his cell for a telephone call. As he exited the cell, defendant Shorts pushed the plaintiff, causing the plaintiff to stumble, at which point correctional officers began to laugh and call the plaintiff a "cripple". The plaintiff asserts that defendant Shorts then pushed the plaintiff again, causing the plaintiff to fall hard to the floor, whereupon defendant Shorts began "kicking and stomping" the plaintiff while the other defendant officers watched and laughed.

Defendant Shorts then yanked the plaintiff up, whereupon all of the defendants began to "kick and stomp" the plaintiff.

In countervailing response to the plaintiff's allegations, the defendants have provided substantial evidentiary support to refute the plaintiff's allegations.  Specifically, the defendants have provided affidavits and medical records which reflect that on October 17, 2007, the plaintiff was placed in restraints and escorted to the lobby for a telephone call.  Once there, the plaintiff began to cause a disturbance, cursing and yelling that his restraints were causing him pain.  As a result, the plaintiff's telephone call was cut short and defendant Shorts escorted the plaintiff back to his cell.  At this point, the plaintiff swung his right arm (which was unrestrained because of the plaintiff's handicap) hitting defendant Shorts in the right cheek, whereupon defendants Shorts and Powell took the plaintiff to the floor in order to restrain him and obtain his compliance.  The defendants contend that no force was utilized against the plaintiff other than that reasonably necessary to obtain compliance from the aggressive, recalcitrant and resisting inmate.  Upon thereafter visiting the prison infirmary, the plaintiff exhibited only a small laceration below his right eye, a laceration to his left ear which required nine (9) sutures, and superficial abrasions to his left wrist.  He was offered pain medication which he refused.  In summary, therefore, the defendants have produced evidence which shows that although a certain amount of force was utilized against the plaintiff on October 17, 2007, the force which was utilized was applied for the purpose of quelling a disturbance caused by the plaintiff, and the injuries sustained by the plaintiff were relatively minor.

Under the United States Constitution, force is excessive and

violates the Eighth Amendment only if it is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). Further, not every malevolent action by a corrections official gives rise to a federal cause of action. The Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind." Hudson v. McMillian, supra. While an inmate-plaintiff need not show a significant injury to prevail on a claim of excessive force, a necessary element of an excessive force claim is proof of some injury, greater than de minimis, resulting from the use of such force. Knight v. Caldwell, 970 F.2d 1430 (5th Cir. 1992), cert. denied, 507 U.S. 926, 113 S.Ct. 1298, 122 L.Ed.2d 688 (1993). Factors to be considered in determining whether the use of force has been excessive include the extent of injury sustained, if any, the need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response. Hudson v. McMillian, supra.

The evidence before the Court does not support the plaintiff's claims. In the context of a motion for summary judgment, it is well-settled that a plaintiff may not rest upon mere allegations or assertions contained in his unsworn Complaint in opposing such a motion. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In order to meet his burden of proof, the party opposing a motion for summary judgment "may not sit on its hands, complacently

relying" on the pleadings.  <u>Weyant v. Acceptance Insurance Co.</u>, 917 F.2d 209 (5th Cir. 1990).  He must designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, or produce supporting evidence on his own behalf.  <u>Matsushita Electric Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 106 S.Ct. 2501, 91 L.Ed.2d 202 (1986); <u>Phillips Oil Company v. OKC Corp.</u>, 812 F.2d 265 (5th Cir. 1987).

In the instant case, despite notice and an opportunity to appear, the plaintiff has not come forward with any opposition to the defendants' motion for summary judgment or to the factual assertions contained therein.  Other than the mere allegations of the plaintiff's unsworn Complaint, unsupported by affidavit(s) or other corroborating evidence, there is nothing before the Court which tends to support his version of events.  What is before the Court for consideration is evidence adduced by the defendants, supported by documentation and bolstered by supporting affidavits.  Although the plaintiff asserts in conclusory fashion that he was beaten without justification by the defendants, he does not dispute or even address the evidence adduced by the defendants.  Accordingly, based upon the foregoing, and upon the plaintiff's failure in this case to oppose the defendants' motion for summary judgment, failure to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, and failure to produce supporting evidence on his own behalf, <u>Matsushita Electric Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 106 S.Ct. 2501, 91 L.Ed.2d 202 (1986); <u>Phillips Oil Company v. OKC Corp.</u>, 812 F.2d 265 (5th Cir. 1987), the Court concludes that the defendants' motion

is well-taken and that, on the record before the Court, the defendants are entitled to summary judgment as a matter of law.

## RECOMMENDATION

It is recommended that the defendants' motion to dismiss, rec.doc.no. 13, be granted, dismissing the plaintiff's claims against defendant Joseph Shorts for failure of the plaintiff to serve this defendant within 120 days as mandated by Rule 4(m) of the Federal Rules of Civil Procedure. It is further recommended that the defendants' Motion for Summary Judgment, rec.doc.no. 14, be granted, dismissing the plaintiff's claims against the remaining defendants, with prejudice, and that this action be dismissed.

Signed in chambers in Baton Rouge, Louisiana, July 23, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**